IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **JAN ABRAHAM NEL**<br>   Reg. #97310-380,<br><br>   **Plaintiff,**<br><br>v.<br><br>**FBI DIRECTOR, et al.,**<br><br>   **Defendants.** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | <br><br><br><br><br>NO.  EP-20-CV-00248-FM-MAT |

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

On this day, the Court considered Plaintiff Jan Abraham Nel's ("Nel") "Notice of Default" ("Motion"), entered on March 22, 2021. (ECF No. 19). In the Motion, Nel contends that "the defendants has [sic] not respond [sic] in a timely manner to this complaint . . . filed September 2020." (Id. at 1). The matter was referred to this Court pursuant to the Standing Order referring prisoner civil rights cases to United States Magistrate Judges. In this Report and Recommendation, the Court will address Plaintiff's "Notice of Default." For the reasons set forth below, the Court **RECOMMENDS** that Nel's request for entry of default be **DENIED**.

Nel filed his Complaint on September 24, 2020. (ECF No.1). When Nel filed his "Motion to Proceed In Forma Pauperis" on October 26, 2020 (ECF No. 6), the Court promptly issued an "Order to Correct IFP Application" requiring that Nel submit a certified copy of a trust fund account statement, pursuant to 28 U.S.C. § 1915(a)(2). (ECF No. 7, p. 1). Once Nel had complied and filed an Inmate Trust Account Statement (ECF No. 10), the Court granted Nel's Motion to Proceed In Forma Pauperis on December 3, 2020. (ECF No. 11). It was ordered that "[p]rior to issuing an order for service of process, the Court will review Plaintiff's Complaint under the screening provisions of 28 U.S.C. §§ 1915(A) and 1915(e)(2)." (ECF No. 11, p. 3, n. 2). Thereafter,

1

this Court engaged in judicial screening of Nel's Complaint pursuant to 28 U.S.C. § 1915. (ECF No. 11).

A default judgment may only be entered "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). Further, Federal Rule of Civil Procedure 12(a)(1)(A)(i) provides that a defendant must serve an answer "within 21 days after being served with the summons and complaint." Here, the Defendants have not been served, and none of the Defendants have failed to plead or otherwise defend against Nel's claims. Therefore, the Court finds that Nel's Motion is premature and should be denied. Accordingly, the Court **RECOMMENDS** that Nel's Notice of Default be **DENIED**.

**SIGNED** and **ENTERED** this 23rd day of March, 2021.

_____
MIGUEL A. TORRES
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THE FOREGOING REPORT WITHIN FOURTEEN DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT MAY BAR DE NOVO DETERMINATION BY THE DISTRICT JUDGE OF AN ISSUE COVERED HEREIN AND SHALL BAR APPELLATE REVIEW, EXCEPT UPON GROUNDS OF PLAIN ERROR, OF ANY UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS AS MAY BE ACCEPTED OR ADOPTED BY THE DISTRICT COURT.**